Edwin A. Zipf (EZ6744)
Christian D. Johnson (CJ6222)
Christopher J. Dos Santos (CD9122)
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Third-Party Defendant
Merrill Lynch Global Structured Finance & Investments

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL PARMAR,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>STUART L. CAUFF, MICHAEL A. KEISTER, SUSAN LEWIS,<br><br>    Defendants,<br><br>STUART L. CAUFF,<br><br>    Counter-Plaintiff,<br>vs.<br><br>PAUL PARMAR a/k/a PARMJIT SINGH PARMAR,<br><br>    Counter-Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |
| STUART L. CAUFF,<br><br>    Third-Party Plaintiff,<br>vs.<br><br>PEGASUS ELITE AVIATION, LLC, PEGASUS BLUE STAR FUND, PEGASUS JET CHARTER, SOTIRIOS ZAHARIS a/k/a SAM ZAHARIS, THOMAS JAMES SEGRAVE, SEGRAVE AVIATION, INC. a/k/a SEAGRAVE AVIATION, and MERRILL LYNCH GLOBAL STRUCTURED FINANCE & INVESTMENTS,<br><br>    Third-Party Defendants. | |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**YOUR HONORS**:

**PLEASE TAKE NOTICE** that Third-Party Defendant Merrill Lynch Global Structured Finance & Investments ("Merrill Lynch Finance"), pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully requests that the above-entitled action be removed to the United States District Court for the District of New Jersey and for its Notice of Removal states:

### THE NEW JERSEY STATE COURT ACTION BEING REMOVED

1. This action is currently pending in the Law Division of the Superior Court of New Jersey for Middlesex County under Case No. MID-L-8700-07 (the "State Court Action").

2. Merrill Lynch Finance became a party to the State Court Action on or about November 12, 2008 when Defendant/Counter Plaintiff/Third-Party Plaintiff Stuart Cauff ("Cauff") filed a Third-Party Complaint against Merrill Lynch Finance.

3. Cauff demanded a jury trial in the State Court Action.

4. Merrill Lynch Finance's Co-Third-Party Defendants Segrave Aviation Inc. ("SAI") and Thomas James Segrave, Jr. ("Segrave") (collectively, the "Segrave Defendants") answered the Third-Party Complaint on or about July 19, 2010.

5. The Third Party Complaint in the State Court Action alleges that Merrill Lynch Finance along with the Segrave Defendants and others conspired to steal a confidential and proprietary business plan (the "New Business Model") that Cauff intended to use in connection

with Jet First and Jet Network, two aviation companies he was associated with.[1]  Upon information and belief, Cauff was a founder of both companies, and the CEO of Jet Network.

## THE STATUS OF THE STATE COURT ACTION

6. No trial date has been set in the State Court Action.

7. Discovery in the State Court Action is governed by a case management order ("CMO").  Pursuant to the CMO, written discovery was to be completed by November 1, 2010, fact witness depositions and expert depositions are to be completed by May 2, 2011 and September 1, 2011 respectively, and dispositive motions are to be filed no later than October 3, 2011.

8. Written discovery has not been completed as there are several discovery motions regarding written discovery pending.  Further, there is also pending a motion to enlarge the periods set forth in the CMO.  In response to these motions, on January 20, 2011, Judge Garruto suggested, and the parties agreed to, the appointment of a Special Discovery Master.  Currently the parties are working on the terms of an order appointing the Special Discovery Master.

9. Also on January 20, 2011, Judge Garruto granted Merrill Lynch Finance's motion regarding compliance with the CMO, ordering that written discovery is to be completed before deposition discovery commences.

10. Judge Garruto is the third judge assigned to the State Court Action since its inception.  Upon information and belief, he is retiring toward the end of 2011 and thus, if this matter were to remain in state court, he would no longer be sitting on the bench at the time this matter became ready for trial.

---

[1] There are other third-party defendants named in Cauff's Third-Party Complaint, but they have all been defaulted as to liability, as has the initial Plaintiff in the State Court Action as to Cauff's counterclaim.  Merrill Lynch Finance, SAI, and Segrave are the only remaining third-party defendants.

## THE BANKRUPTCY ACTION RELATED TO THE STATE COURT ACTION

11. There exists a bankruptcy action currently pending in the United States Bankruptcy Court for the Southern District of Florida, styled In re Jet Network, LLC Docket No. 08-11165-RAM (the "Bankruptcy Action"). The Bankruptcy Action is substantially related to the State Court Action.

12. On or about January 18, 2011 the Trustee for Jet Network in the Bankruptcy Action filed a Second Amended Complaint in an adversarial proceeding naming for the first time Merrill Lynch Finance in case 10-02701-RAM (the "Bankruptcy Complaint").

13. SAI and Segrave (the only other active third-party defendants in the State Court Action) are also defendants to the same adversarial proceeding filed by the Trustee for Jet Network in the Bankruptcy Action against Merrill Lynch Finance.

14. The Bankruptcy Complaint alleges that Cauff's alleged New Business Model – the very Model that is the centerpiece of the litigation here in New Jersey – was a business opportunity lost to Jet Network because it was stolen by Merrill Lynch Global Structured Finance & Investments, Inc., Segrave, SAI, and others.

## REMOVAL IS APPROPRIATE BECAUSE THE STATE COURT ACTION IS AT LEAST RELATED TO THE BANKRUPCY ACTION

15. This matter presents a federal law claim which pursuant to 28 U.S.C. § 1441 allows a defendant to remove to the district court of the United States for the district and division where the action is pending if the district court has original jurisdiction over the action. Further, 28 U.S.C. § 1452 addresses the removal of claims related to bankruptcy cases and authorizes a party to remove a claim or cause of action to the district court if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. See In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 755 (D.N.J. 1996).

16. Under 28 U.S.C. § 1334(b), district courts have original but not exclusive jurisdiction of all proceedings "arising under," "arising in," or "related to" cases under the Bankruptcy Code. Abrams v. General Nutrition Companies, Inc., Civil Action No. 06-1820, 2006 U.S. Dist. LEXIS 68574, *8 (D.N.J. Sept. 25, 2006).

17. Because this Court has original jurisdiction over the federal bankruptcy question, it also has supplemental jurisdiction over Plaintiff's related state law claims. See 28 U.S.C. § 1367 ("The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . .").

18. At the very least, the State Court Action is "related to" the Bankruptcy Action[2]. The test for determining whether a federal court can exercise jurisdiction over a proceeding that is "related to" a bankruptcy case was originally set forth in Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir.1984) (overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)). Id. at 10-12; see also In re Federal-Mogul, Inc., 300 F.2d 368, 381 (3d Cir.2002) (noting that the Pacor test clearly remains good law in this circuit). Citing Congress's intention to allow bankruptcy courts to efficiently and expeditiously deal with all matters connected to the bankruptcy estate, the Pacor court stated that the test for determining whether "related to" jurisdiction exists is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." 743 F.2d at 994.

19. Further, a proceeding does not necessarily have to be against the debtor or the debtor's property for "related to" jurisdiction to exist. "Related to" jurisdiction exists if the proceeding could alter the debtor's rights or liabilities, or in any other way impact the

---

[2] The relationship between the State Court Action and the Bankruptcy Action also raises an issue as to whether the State Court Action represents a core proceeding.

5

administration of the bankruptcy estate.  Id.  See also Thomason Auto Group, LLC v. China America Cooperative Automotive, Inc., Civil Action No. 08-3365, 2009 U.S. Dist. LEXIS 22669, at *9-10 (D.N.J. Feb. 27, 2009).

20. The State Court Action is related to the Bankruptcy Action within the meaning of 28 U.S.C. § 1334(b) and Third Circuit precedent.  Removal to the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1452.

21. Both actions concern the same subject matter -- the operations of Jet Network and Jet First and the New Business Model.

22. Both actions seek compensation for the same wrong – the alleged theft or misappropriation of the New Business Model.  Cauff in the State Court Action and the Trustee for Jet Network in the Bankruptcy Action each seek in excess of $15,000,000 in damages stemming from this same wrong.  Determination of ownership or right to recover for this alleged wrong in one action clearly affects the right to recovery in the other.

23. All active third-party defendants in the State Court Action (Merrill Lynch Finance and the Segrave Defendants) are also parties to the Bankruptcy Action.

24. The same counsel that represent Merrill Lynch Finance and the Segrave Defendants in the State Court Action represent them in the Bankruptcy Action.  Cauff's counsel in the New Jersey Action is Special Counsel to the Trustee for purposes of the Bankruptcy Action against Merrill Lynch Finance and the Segrave Defendants.

25. The State Court Action and the Bankruptcy Action are also related because a revenue sharing agreement exists between Third-Party Plaintiff Cauff in the State Court Action and the Trustee in the Bankruptcy Action.

26.     On or about February 24, 2009, Jet Network's Trustee brought suit against Cauff, among others, for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, avoidance of fraudulent transfers, turnover of property of the debtor's estate, unjust enrichment, and accounting.

27.     On or about October 8, 2009, Cauff settled the Trustee Complaint against him.

28.     The settlement agreement provides that Jet Network's Bankruptcy Trustee receives 50% of whatever Cauff may recover in the State Court Action, and Cauff receives 10% of whatever the Trustee would recover in the Bankruptcy Action against Merrill Lynch or an entity affiliated with Merrill Lynch.

### REMOVAL OF THE STATE COURT ACTION CONSERVES JUDICIAL RESOURCES, PREVENTS UNNECESSARY EXPENSE, AND PREVENTS THE POSSIBILITY OF INCONSISTENT VERDICTS

29.     Forcing Merrill Lynch Finance, SAI, and Segrave to litigate substantially similar causes of action across two jurisdictions potentially creates the problem of inconsistent verdicts, wastes judicial resources, and causes unnecessary expense to all parties involved.

30.     Judge Robert Mark has been handling the Bankruptcy Action since its inception.

31.     During a December 2010 hearing before Judge Mark, addressing the State Court Action and the Bankruptcy Action, he noted "it just doesn't make sense to have two separate cases . . . . whatever Segrave and Merrill Lynch did, it's the same wrongful conduct.  So it just not make sense to me at all that there's two separate cases against Segrave and Merrill Lynch." (See Transcript of December 2, 2010 Hearing before Judge Mark ("December 2 Transcript"), attached as Exhibit A at pages 19-20).

32.      Again addressing the fact that there are two separate actions, Judge Mark noted "I do see a risk of inconsistent results if the two actions proceed and of significance, I just see a

7

waste of judicial resources, even if we consolidate discovery.  It just – it just doesn't seem to make sense to me." (See December 2 Transcript at page 23; see also December 2 Transcript at page 24).

33.  During the hearing, Special Counsel for the Trustee in the Bankruptcy Action (who also happens to be counsel for Cauff in the State Court Action) addressed the State Court Action and told Judge Mark "I'd like nothing better than to have the case here." (See December 2 Transcript at page 59).

34.  In the State Court Action, Judge Garruto remarked on the record at the conclusion of the January 20, 2011 proceeding: "I would be more than happy to see this case go to Florida." (See Transcript of January 20, 2011 hearing, attached as Exhibit B).

35.  Once this matter is removed, Merrill Lynch Finance will file a Motion To Transfer Venue to the United States Bankruptcy Court for the Southern District of Florida, Miami Division, where the Bankruptcy Action is currently pending.

36.  Attached hereto as Exhibit "C" are true and correct copies of all processes, pleadings, and orders served upon Merrill Lynch Finance regarding the State Court Action, as required by 28 U.S.C. § 1446(b).

37.  This Notice of Removal is being filed within thirty days of Merrill Lynch Finance being named a party to and receiving the Bankruptcy Complaint, as required by 28 U.S.C. § 1446(b).

38.  Co-Third Party Defendants SAI and Segrave consent to this Notice of Removal.

39.  A true and correct copy of this Notice of Removal and the attached documents are being promptly submitted to the Clerk of the Law Division of the Superior Court of New Jersey for Middlesex County and to counsel for all parties, as required by 28 U.S.C. § 1446(d).

40. Accordingly, Merrill Lynch Finance has satisfied all requirements to remove this action to the United States District Court for the District of New Jersey.

41. Third-Party Plaintiff Cauff, Merrill Lynch Finance, and the Segrave Defendants have agreed and respectfully request that any motion to remand regarding this removal application be transferred to Judge Mark in the United States Bankruptcy Court for the Southern District of Florida as he has agreed to decide these issues.

**WHEREFORE**, Third-Party Defendant Merrill Lynch Finance respectfully requests that the above-entitled action now pending in the Law Division of the Superior Court of New Jersey for Middlesex County be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

s/Edwin A. Zipf
Edwin A. Zipf, Esq.
Christian D. Johnson, Esq.
Christopher J. Dos Santos, Esq.
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, New Jersey  07932
Telephone:  (973) 514-1200
Facsimile:  (973) 514-1660
E-mail: ezipf@bressler.com
            cjohnson@bressler.com
            cdossantos@bressler.com

*Attorneys for Third-Party Defendant Merrill Lynch Global Structured Finance & Investments*

Dated:   February 17, 2011

1201997_2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a copy of Merrill Lynch Finance's Notice of Removal to be served upon the following via Federal Express:

Marc H. Stofman, Esq.
Klehr Harrison Harvey Branzburg, LLP
457 Haddonfield Road - Suite 510
Cherry Hill, New Jersey  08002-2220

Steven I. Silverman, Esq.
Kluger, Kaplan, Silverman, Katzen & Levine, P.L.
201 S. Biscayne Boulevard, Seventeenth Floor
Miami, Florida  33131

Elissa Fudim, Esq.
Akerman Senterfitt, LLP
335 Madison Avenue, 26th Floor
New York, New York 10017

                                                      s/Edwin A. Zipf
                                                     Edwin A. Zipf, Esq.
                                                       Christian D. Johnson, Esq.
                                                       Christopher J. Dos Santos, Esq.
                                                       BRESSLER, AMERY & ROSS, P.C.
                                                       325 Columbia Turnpike
                                                       Florham Park, New Jersey  07932
                                                       Telephone:  (973) 514-1200
                                                       Facsimile:  (973) 514-1660
                                                       E-mail: ezipf@bressler.com
                                                                    cjohnson@bressler.com
                                                                    cdossantos@bressler.com

Dated:   February 17, 2011