## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PAUL PARMAR,

          Plaintiff/Counter-Defendant,

vs.

STUART L. CAUFF, MICHAEL A. KEISTER, SUSAN LEWIS,

          Defendants,

STUART L. CAUFF,

          Counter-Plaintiff,

vs.

PAUL PARMAR a/k/a PARMJIT SINGH PARMAR,

          Counter-Defendant.

STUART L. CAUFF,

          Third-Party Plaintiff,

vs.

PEGASUS ELITE AVIATION, LLC, PEGASUS BLUE STAR FUND, PEGASUS JET CHARTER, SOTIRIOS ZAHARIS a/k/a SAM ZAHARIS, THOMAS JAMES SEGRAVE, SEGRAVE AVIATION, INC. a/k/a SEAGRAVE AVIATION, and MERRILL LYNCH GLOBAL STRUCTURED FINANCE & INVESTMENTS,

          Third-Party Defendants.

Civil Action No. 2:11-cv-01145 (DMC) (JAD)

---

## THIRD-PARTY DEFENDANT MERRILL LYNCH GLOBAL STRUCTURED FINANCE & INVESTMENTS' BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

---

BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Third-Party Defendant
Merrill Lynch Global Structured Finance & Investments

On the Brief:
    Edwin A. Zipf, Esq.
    Christian D. Johnson, Esq.
    Christopher J. Dos Santos, Esq.

## TABLE OF CONTENTS

Page

Table of Authorities .............................................................................................. ii

PRELIMINARY STATEMENT ............................................................................ 1

BACKGROUND ..................................................................................................... 1

LEGAL ARGUMENT ............................................................................................ 4

      THIS COURT SHOULD ORDER A TRANSFER OF VENUE FROM
      THE DISTRICT OF NEW JERSEY TO THE UNITED STATES
      DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
      WHERE THE BANKRUPTCY ACTION IS PENDING. .................................. 4

          A.    28 U.S.C. §§ 1404, 1409 and 1412 Justify Transferring This
                   Action to Florida ....................................................................................... 4

          B.    The Interest of Justice and the Convenience of the Parties
                   Require That This Action be Transferred to the Southern
                   District of Florida Where the Related Bankruptcy Matter Is
                   Pending. .................................................................................................... 5

               1.    Transfer Of This Action Serves The Interest Of Justice................................ 6

               2.    Transfer Is Also Appropriate For The Convenience Of The
                   Parties...................................................................................................... 10

CONCLUSION....................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

Abrams v. General Nutrition Companies, Inc.,
    Civil Action No. 06-1820, 2006 U.S. Dist. LEXIS 68574 (D.N.J. Sept. 25, 2006) ..........4, 5, 6

Howard Brown Co. v. Reliance Ins. Co.,
    66 B.R. 480 (E.D. Pa. 1986) ..................................................................................................5

In re Hechinger Inv. Co. of Del., Inc.,
    296 B.R. 323 (Bankr. D. Del. 2003) ....................................................................................5

In re Jet Network, LLC
    Docket No. 08-11165-RAM ..................................................................................................3

Larami Ltd. v. Yes! Entertainment Corp.,
    244 B.R. 56 (D. N.J. 2000) ..................................................................................................4

### STATUTES

28 U.S.C. § 1334(b) ..................................................................................................................1

28 U.S.C. § 1404 ..................................................................................................................4, 5

28 U.S.C. §§ 1404, 1409 and 1412 ......................................................................................1, 4

28 U.S.C. § 1404(a) ............................................................................................................4, 5

28 U.S.C. § 1409(a) ..................................................................................................................4

28 U.S.C. § 1412 ................................................................................................................4, 5

28 U.S.C. §§ 1441 and 1446 ....................................................................................................1

## PRELIMINARY STATEMENT

Third-Party Defendant Merrill Lynch Global Structured Finance & Investments ("Merrill Lynch Finance") respectfully submits this brief in support of its motion to transfer the venue of this action ("Action") to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1404, 1409 and 1412 ("Motion").  In support of the Motion, Merrill Lynch Finance respectfully refers the Court to the accompanying Declaration of Christian D. Johnson ("Johnson Decl.").

This Action is related to a bankruptcy matter pending in the Southern District of Florida and could have originally been brought in that venue.  Transferring this Action to the Southern District of Florida so that it may be presided over by the Honorable Robert A. Mark, the judge handling the related bankruptcy matter, comports with the interests of justice, is convenient to the parties, and, simply stated, makes sense.  Indeed, all active parties to this Action consent to transferring it to the Southern District of Florida so that Judge Mark can rule on Third-Party Plaintiff Cauff's to be filed motion for remand.  For these reasons, as set forth more fully below, the Motion should be granted in its entirety.

## BACKGROUND

On February 17, 2011, Merrill Lynch Finance filed a Notice of Removal to remove this Action from the Law Division of the Superior Court of New Jersey, Middlesex County pursuant to 28 U.S.C. §§ 1441 and 1446.  On March 1, 2011 this Action was assigned to the Honorable Dennis M. Cavanaugh and given civil docket number 2:11-cv-01145-DMC-JAD.  As explained in the Notice Of Removal, this Court has original jurisdiction over this Action (as well as supplemental jurisdiction over the state law claims) because this Action is, at the very least, related to a bankruptcy action pending in Florida within the meaning of 28 U.S.C. § 1334(b).  (See Notice Of Removal at ¶¶ 15-20).

## THE REMOVED STATE COURT ACTION

Prior to removal, this Action was pending in the Law Division of the Superior Court of New Jersey, Middlesex County under Case No. MID-L-8700-07 (the "State Court Action"). Merrill Lynch Finance became a party to the State Court Action on or about November 12, 2008 when Defendant/Counter Plaintiff/Third-Party Plaintiff Stuart Cauff ("Cauff") filed a Third-Party Complaint against Merrill Lynch Finance. (See Answer of Defendant Stuart L. Cauff To Plaintiff's Complaint With Affirmative Defenses, Counterclaim, And Third Party Complaint ("Cauff Third-Party Complaint") attached as Exhibit A to the Johnson Decl.). The Cauff Third Party Complaint alleges that Merrill Lynch Finance along with Co-Third-Party Defendants Segrave Aviation Inc. ("SAI") and Thomas James Segrave, Jr. ("Segrave") (collectively, the "Segrave Third-Party Defendants") and others conspired to steal a confidential and proprietary business plan (the "New Business Model") that Cauff intended to use in connection with Jet First and Jet Network, two aviation companies he was associated with.[1]   (See Cauff Third-Party Complaint at ¶¶ 1-58).   Upon information and belief, Cauff was a founder of both companies, and the CEO of Jet Network.   (See Alan Goldberg, Chapter 7 Trustee for the Estate of Jet Network, LLC v. Stuart L. Cauff, Michael A. Keister, Susan M. Lewis, Christopher Doscher, Sotiros Zaharis, Brandon D. Cauff and Abby Cauff ("Trustee Complaint Against Cauff"), attached as Exhibit B to the Johnson Decl., at ¶ 4).

---

[1] There are other third-party defendants named in Cauff's Third-Party Complaint who have all been defaulted as to liability, as has Paul Parmar, the initial Plaintiff in the State Court Action as to Cauff's counterclaim. Merrill Lynch Finance, SAI, and Segrave are the only remaining third-party defendants. Michael Keister is a Third-Party Plaintiff to the State Court Action as well. Like Cauff, he has a default judgment as to liability against these other Third-Party Defendants and Parmar. Keister has no active claims against Merrill Lynch Finance or the Segrave Third-Party Defendants.

2

## THE RELATED BANKRUPTCY ACTION

Currently pending in the United States Bankruptcy Court for the Southern District of Florida is a matter styled In re Jet Network, LLC Docket No. 08-11165-RAM.  The bankruptcy matter is, at a minimum, substantially related to this Action.  On or about January 18, 2011, the Trustee for Jet Network in the bankruptcy matter filed a Second Amended Complaint in an adversarial proceeding naming for the first time Merrill Lynch Finance in case 10-02701-RAM. SAI and Segrave (the only other active third-party defendants in this Action) are also defendants to the same adversarial proceeding filed by the Trustee for Jet Network in the Bankruptcy Action against Merrill Lynch Finance.  (See Alan Goldberg, Chapter 7 Trustee for the estate of Jet Network, LLC v. Merrill Lynch & Co., Inc., Global Structured Finance & Investments, LLC a/k/a/ Merrill Lynch Global Structured Finance & Investments, Thomas James Segrave, and Segrave Aviation, Inc. a/k/a Segrave Aviation ("Bankruptcy Complaint" or "Bankruptcy Action") attached as Exhibit C to the Johnson Decl.)).  The Bankruptcy Complaint alleges that Cauff's alleged New Business Model – the very Model that is the centerpiece of the litigation here in New Jersey – was a business opportunity lost to Jet Network because it was stolen by Merrill Lynch Global Structured Finance & Investments, Inc., the Segrave Third-Party Defendants, and others.  (See Bankruptcy Complaint at ¶¶ 2-3).

It is against this factual backdrop that Merrill Lynch Finance moves to transfer this Action to the United States District Court for the Southern District of Florida.  All active parties to this Action consent to the transfer to Florida so that Judge Mark, who has handled the Bankruptcy Action since January of 2008, can address any motion to remand.  Notwithstanding the consent, this Action should be transferred to Florida in the interest of justice and for the convenience of the parties.

3

**LEGAL ARGUMENT**

**THIS COURT SHOULD ORDER A TRANSFER OF VENUE FROM THE DISTRICT OF NEW JERSEY TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA WHERE THE BANKRUPTCY ACTION IS PENDING.**

**A.   28 U.S.C. §§ 1404, 1409 and 1412 Justify Transferring This Action to Florida**

A district court has the discretionary authority to transfer any civil action "to any other district … where it might have been brought," if doing so is convenient to the parties and witnesses and comports with the interest of justice.  28 U.S.C. § 1404(a).  As detailed above, this Action is, at the very least, "related to" the Bankruptcy Action pending in the United States District Court for the Southern District of Florida. Pursuant to 28 U.S.C. § 1409(a) a "proceeding arising under [the Bankruptcy Code] or arising in or related to a case under [the Bankruptcy Code] may be commenced in the district court in which such case is pending." As noted in 1 COLLIER ON BANKRUPTCY "[t]he general rule in section 1409(a) is that venue of civil proceedings is the court where the title 11 case is pending."  1 COLLIER ON BANKRUPTCY § 4.03[1] (16th ed. 2010).  Accordingly, venue is proper in the Southern District of Florida.

Further, 28 U.S.C. § 1412 (much like 28 U.S.C. § 1404) grants a district court the discretionary authority "to transfer a case or proceeding under [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties."  See also Abrams v. General Nutrition Companies, Inc., Civil Action No. 06-1820, 2006 U.S. Dist. LEXIS 68574 at *26-27 (D.N.J. Sept. 25, 2006).  A moving party who satisfies either aspect of 28 U.S.C. §1412 by a preponderance of the evidence has sufficiently carried his burden.  See, e.g., Larami Ltd. v. Yes! Entertainment Corp., 244 B.R. 56, 61 (D. N.J. 2000), (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.1970).

Although 28 U.S.C. § 1412 speaks only of proceedings "under" the Bankruptcy Code, it is also applicable to the determination of whether a proceeding "related to" a bankruptcy case may be transferred.  See id. citing Mar. Elec. Co. v. United Jersey Bank, No. 90-6057, 1992 U.S. App. LEXIS 5144, at *11-12, 22 Bankr. Ct. Dec. 1309 (3d Cir. Mar. 24, 1992), and Howard Brown Co. v. Reliance Ins. Co., 66 B.R. 480, 482 (E.D. Pa. 1986) (transferring proceeding "related to" a bankruptcy case pursuant to § 1412).

**B.    The Interest of Justice and the Convenience of the Parties Require That This Action be Transferred to the Southern District of Florida Where the Related Bankruptcy Matter Is Pending.**

Whether evaluated under 28 U.S.C. §1404 or §1412, the analysis of a request to transfer venue is the same: transfer is appropriate if it is in the interest of justice or for the convenience of the parties.  See Abrams, 2006 U.S. Dist. LEXIS 68574, at *28-29, citing In re Emerson Radio Corp., 52 F.3d 50, 55 (3d Cir.1995) (noting that 28 U.S.C. § 1412 largely includes the same criteria for transfer of cases as section 1404(a), i.e., "the interest of justice" or the "convenience of the parties," yet it does not include the limitation that a transfer may be made only to a district where the action might have been brought.), and In re Hechinger Inv. Co. of Del., Inc., 296 B.R. 323, 325 (Bankr. D. Del. 2003) (noting that the determination of whether to transfer venue under § 1412 turns on the same issues as a determination under § 1404(a)).

The factors to be considered when evaluating a motion to transfer in the interest of justice or for the convenience of the parties include: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the underlying claim arose elsewhere; (4) the convenience of the parties based on their relative physical and financial condition; (5) the convenience of witnesses; (6) the location of books and records; (7) the enforceability of any judgment obtained by the plaintiff; (8) practical considerations that could make trial easy, expeditious, or inexpensive; (9) administrative difficulty resulting from court congestion; (10)

local interest in deciding local controversies; (11) the public policies of each forum; and (12) the familiarity of the trial judge with applicable law.  See Abrams, 2006 U.S. Dist. LEXIS 68574, at *29, citing Larami Ltd., 244 B.R. at 61.

An analysis of these factors demonstrates that it is both in the interest of justice and the convenience of the parties to transfer this Action to the Southern District of Florida.

### 1.    Transfer Of This Action Serves The Interest Of Justice

An application of the "interest of justice" factors set forth in Abrams demonstrates that this Action should be transferred to the Southern District of Florida:

**a.    Plaintiff's Choice Of Forum:** Third-Party Plaintiff Cauff consents to the transfer of this Action to the Southern District of Florida in order to have Judge Mark rule on the motion to remand that Cauff will be filing.  (See February 28, 2011 E-mail from Cauff's counsel attached as Exhibit D to the Johnson Decl.).

Aside from his consent, it was not Third-Party Plaintiff Cauff who chose to initiate suit in New Jersey state court.  A citizen of the state of Florida, Cauff was hauled into New Jersey state court when Paul Parmar initiated this action against him seeking repayment of monies that Parmar loaned to Cauff's companies Jet Network and Jet First.  The basis for jurisdiction in New Jersey was a forum selection clause contained in the loan documents executed by Cauff.  Cauff unsuccessfully moved to dismiss Parmar's Complaint against him, arguing that New Jersey lacked personal jurisdiction over Cauff. (See Brief on Behalf of Defendant Stuart L. Cauff in Support of Motion To Dismiss Complaint attached as Exhibit E to the Johnson Decl.).  Parmar has since abandoned his New Jersey claim against Cauff and has defaulted on Cauff's counter claims against him.  (See Final Judgment As To Liability attached as Exhibit F to the Johnson Decl.).

6

      b.       **Defendant's Forum Preference:**  Merrill Lynch Finance prefers that this matter be litigated in Florida, before Judge Mark, who has been handling Jet Network's bankruptcy since January of 2008.   The Segrave Third-Party Defendants have the same preference and, like Cauff, have consented to transferring this Action to the Southern District of Florida and to having Judge Mark rule on Cauff's motion for remand. (See February 28, 2011 E-mail from counsel for the Third-Party Segrave Defendants attached as Exhibit G to the Johnson Decl.).

      c.       **Whether The Underlying Claim Arose Elsewhere:**  The essence of the "wrong" alleged against Merrill Lynch Finance and the Segrave Defendants in this Action and the Bankruptcy Complaint is the same; specifically, they allegedly conspired with Parmar, along with others, to steal Cauff's New Business Model that Cauff intended to use in connection with the business operations of his companies Jet Network and Jet First.   The primary "bad actor" is alleged to be Parmar, who supposedly took control of Jet Network and Jet First and stripped them of their assets, leaving behind only liabilities.   (See Cauff Third Party Complaint at ¶¶ 1-58, and Bankruptcy Complaint at ¶¶ 2-3).

      The underlying claim, as described, arose in Florida.   Jet Network was a Florida limited liability company doing business in Florida.   Jet First was a Florida corporation doing business in Florida.   Cauff is a citizen of Florida.   (See Cauff Third Party Complaint at ¶ 2, Bankruptcy Complaint at ¶ 20, and the Bylaws of Jet First, Inc., a Florida Corporation attached to the Johnson Decl. as Exhibit H).   The alleged harm was suffered by two Florida companies and a Florida resident, and the alleged lynchpin of the conspiracy, Parmar, acted by taking control of these Florida companies.

      d.       **The Enforceability Of Any Judgment Obtained By The Plaintiff:**

Cauff should not have difficulty enforcing any judgment in his favor if this Action were transferred to Florida.

>e.   **Practical Considerations That Could Make Trial Easy, Expeditious, Or Inexpensive:**  This Action and the Bankruptcy Action are substantially similar. Practically speaking, having them in the same venue is expeditious, conserves judicial resources, reduces litigation costs, and prevents inconsistent rulings and verdicts.  Both actions concern the same subject matter – the operations of Jet Network and the New Business Model.  Both actions seek compensation for the same wrong – the alleged theft or misappropriation of the New Business Model.  Cauff in the State Court Action and the Trustee for Jet Network in the Bankruptcy Action each seek in excess of $15,000,000 in damages stemming from this same wrong.  (See Third-Party Plaintiff Stuart L. Cauff's Rule 4:5-2 Statement of Damages attached as Exhibit I to the Johnson Decl., Cauff's Third Party Complaint at ¶¶ 1-58, and the Bankruptcy Complaint at ¶¶ 1-3).

Much of the same evidence and testimony will be utilized in both actions.  Several potential witnesses are believed to live in Florida and none are believed to be in New Jersey. Further, all active third-party defendants in this Action (Merrill Lynch Finance and the Segrave Third-Party Defendants) are also parties to the Bankruptcy Action.  The same counsel that represent Merrill Lynch Finance and the Segrave Third-Party Defendants in this Action represent them in the Bankruptcy Action.  Cauff's counsel in the New Jersey Action is Special Counsel to the Trustee for purposes of the Bankruptcy Action against Merrill Lynch Finance and the Segrave Defendants.

Given the similarity of the two actions, transfer of this Action to the Southern District of Florida makes sense.  Forcing Merrill Lynch Finance and the Segrave Third-Party Defendants to

litigate substantially similar causes of action across two jurisdictions creates the potential problem of inconsistent verdicts, wastes judicial resources, and causes unnecessary expense to all parties involved. As Judge Mark noted during a December 2010 hearing before him, addressing this Action and the Bankruptcy Action: "it just doesn't make sense to have two separate cases … whatever Segrave and Merrill Lynch did, it's the same wrongful conduct. So it just does not make sense to me at all that there's two separate cases against Segrave and Merrill Lynch." (See Transcript of December 2, 2010 Hearing before Judge Mark ("December 2 Transcript"), attached as Exhibit J to the Johnson Decl. at pages 19-20). Judge Mark also commented: "I do see a risk of inconsistent results if the two actions proceed and of significance, I just see a waste of judicial resources, even if we consolidate discovery. It just – it just doesn't seem to make sense to me." (See December 2 Transcript at page 23; see also December 2 Transcript at page 24).

        **f.**    **Administrative Difficulty Resulting From Court Congestion:** There is no reason to believe that transferring this Action to the Southern District of Florida would result in court congestion. To the contrary, transferring this Action would clear court congestion and promote judicial efficiency by having only one matter instead of two separate cases. Judge Mark has already taken jurisdiction of the Bankruptcy Action, and is knowledgeable of many of the issues involved in both matters. This Action can proceed more effectively, efficiently, and economically through one court system instead of two.

        **g.**    **Local Interest In Deciding Local Controversies:** New Jersey has no local interest in deciding this Action. None of the remaining active parties to this Action are citizens of New Jersey and none are either incorporated in New Jersey or have their principal place or business here in New Jersey. Cauff's asserted state law claims are garden variety claims without a nexus to any right or remedy that is unique to the State of New Jersey.

h.   **The Public Policies Of Each Forum**:  The public policies of New Jersey are not implicated in this Action.  However, the public policies of Florida may be involved.  As noted above, the parties seeking redress in the two actions are all connected to Florida – Jet Network is a Florida business and Cauff is a Florida citizen.  None of the remaining third-party defendants are citizens of, incorporated under the laws of, or are doing business principally in New Jersey.  Stated plainly, New Jersey has no interest in the resolution of this Action.

i.   **The Familiarity Of The Trial Judge With Applicable Law**:  Judge Mark is obviously familiar with the Bankruptcy Action and, given the similarities between the two cases, is familiar with many of the operative facts underlying the claims made by Jet Network and by Cauff. Cauff's claims made in this Action are not particularly novel, complex, special to New Jersey, or beyond the understanding of Judge Mark.

For these reasons, it is in the interest of justice for this Action to be transferred to the Southern District of Florida.

2.   **Transfer Is Also Appropriate For The Convenience Of The Parties**

Alternatively, the convenience of the parties justifies transfer of this Action to the Southern District of Florida:

a.   **The Convenience Of The Parties Based On Their Relative Physical And Financial Condition**:  Upon information and belief, Cauff is a Florida citizen and resides there.  Further, as noted above, transferring this Action to Florida prevents duplication of effort and costs associated with having two substantially similar cases in two different jurisdictions. Merrill Lynch Finance and the Segrave Third-Party Defendants are parties to the Bankruptcy Action.  The same counsel that represent Merrill Lynch Finance and the Segrave Third-Party Defendants in this Action represent them in the Bankruptcy Action.  Cauff's counsel in the New Jersey Action is Special Counsel to the Trustee for purposes of the Bankruptcy Action against

10

Merrill Lynch Finance and the Segrave Defendants.  Transferring this Action to Florida would be more convenient for everyone.

      **b.**    <u>**The Convenience Of Witnesses:**</u>  Many of the witnesses that will likely be deposed or called to testify at the time of trial reside in Florida.

      **c.**    <u>**The Location Of Books And Records:**</u>  Documents and records of Jet Network and Jet First are relevant and material to both actions.  Upon information and belief, the Bankruptcy Trustee has possession of some of these documents in Florida.

On balance, therefore, Merrill Lynch Finance submits that this Action should be transferred to the United States District Court for the District of Florida for the convenience of the parties.

<u>**CONCLUSION**</u>

For the foregoing reasons, Merrill Lynch Finance respectfully requests that this Action be transferred to the United States District Court for the District of Florida, where it can then be assigned to Judge Mark so that he may rule on Cauff's anticipated motion to remand.

Respectfully submitted,

s/Edwin A. Zipf
Edwin A. Zipf, Esq.
Christian D. Johnson, Esq.
Christopher J. Dos Santos, Esq.
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, New Jersey  07932
Telephone: (973)514-1200
Facsimile: (973)514-1660
E-mail: ezipf@bressler.com
      cjohnson@bressler.com
      cdossantos@bressler.com

*Attorneys for Third-Party Defendant*
*Merrill Lynch Global Structured Finance &*
*Investments*

Dated: March 8, 2011